**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| VIRGIL THOMAS SMITH, | : | |
| Petitioner, | : | Case No. 3:10CV00367 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Toledo Correctional Facility, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1] AND ORDER

## I.  INTRODUCTION

In October 2006, Virgil Thomas Smith pled guilty to three charges of Aggravated Robbery and three charges of Felonious Assault in the Clark County, Ohio Court of Common Pleas. (Doc. #1 at 2). Smith was sentenced to a term of twenty years. *Id.* Smith brings the instant case *pro se* seeking a writ of habeas corpus 28 U.S.C. §2254.

The case is before the Court upon Petitioner Smith's Petition for Writ of Habeas Corpus (Doc. #1), Petitioner's Motion to Stay the Proceedings and Amend the Petition (Doc. #2), Petitioner's Motion for Leave to File Supplemental Error #1 (Doc. #8), Respondent's Motion to Dismiss (Doc. #15), Petitioner's Reply to Respondent's Answer

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

(Doc. #20), and the record as a whole.

## II.     SMITH'S STATE CONVICTIONS AND
##         FEDERAL HABEAS PETITION

Petitioner Smith pled guilty to three charges of Aggravated Robbery and three charges of Felonious Assault on October 27, 2006. (Doc. #1 at 2). Smith did not timely appeal but did motion the Second District Court of Appeals to file a delayed appeal. *Ohio v. Smith,* 2009 WL 3068384 (Ohio App. 2 Dist. 2009).  The Court of Appeals granted Smith's Motion. *Id.* However, on September 25, 2009, the Court of Appeals overruled all of Smith's assignments of error. *Id.* Smith again failed to file a timely appeal and the Supreme Court of Ohio denied Smith's motion for leave to file a delayed appeal. *State v. Smith,* 126 Ohio St.3d 1597 (Ohio 2010).

While Smith's motion for a delayed appeal was pending in the Ohio Supreme Court, Smith filed an App.R. 26(B) application to reopen his appeal in the Second District Court of Appeals. (Doc. #18-1 at 452). The Court of Appeals dismissed Smith's appeal as untimely and for failure to comply with the mandatory requirements of App.R. 26(b)(2)(d). *Id.* at 455. On February 2, 2011, the Ohio Supreme Court dismissed Smith's App.R. 26(B) appeals. *Id.* at 478.

On September 27, 2010, Smith filed his Petition for Writ of Habeas Corpus. (Doc. #1 at 1). Smith's original Habeas Petition raises three grounds for relief:

Ground One:          The Sixth Amendment to the United States Constitution and Section
                     10, Article I of the Ohio Constitution require that an accused receive
                     Notice of the charges.... The petitioners indictment lacked the mental

element required for the three (3) Aggravated Robbery charges, making the Indictment "Defective" and resulting in the Aggravated Robbery charges being invalid.

Ground Two:    [T]rial counsel was Ineffective for A.) not arguing the deficiency in the Indictment on the missing mental element for all (3) three of the Aggravated Robbery charges. B.) How the petitioners rights were violated at Arraignment due to the petitioner being denied 1.) The Choice to a reasonable continuance to obtain counsel, 2.) being denied counsel of choice, 3.) being denied the right to read the Indictment 4.) being denied the right to plead. C.) Not investigating defendants background in exploration to support a viable defense.

Ground Three:    The court violated the petitioners rights to counsel of choice....

(Doc. #1). Smith then filed three supplemental assignments of error:

Ground Four:    Trial Counsel was ineffective for not challenging the Indictment in the trial court.... [T]here is no signature by the Grand Jury Foreman endorsing the Indictment with the words "a true bill."

Ground Five:    Ineffective Assistance of Trial Counsel for not investigating the Petitioner's case which resulted in a "Fundamental Miscarriage of Justice."

Ground Six:    The Clark County Court of Appeals Per Se Prejudicially erred in denying the Petitioner's Motion to Proceed Pro-Se.

(Doc. #8; Doc. #11-2).

## III.    SMITH'S PETITION IS PROCEDURALLY DEFAULTED

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless is appears that– (A) the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. 2254 (b)(1). Accordingly, "[a] federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a

3

state-law ground that is both independent of the merits of the federal claim and an adequate basis for the [state] court's decision." *Munson v. Kapture* 384 F.3d 310, 313 (6th Cir. 2004) (citation and internal quotation marks omitted). The Sixth Circuit held that the Supreme Court's opinions in *Beard* and *Walker* "permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state procedural rule accords courts broad discretion." *Stone v. Moore,* --- F.3d ----, 2011 WL 1601789 *6 (6th Cir. 2011).

Petitioner Smith missed both the deadline for a timely appeal to the Ohio Supreme Court in his direct appeal and the deadline for a timely appeal to the Ohio Court of Appeals for his App.R. 26(B) appeal. Under the Ohio Supreme Court Rules, a criminal defendant has forty-five days to timely appeal the appellate court's decision. *See* Ohio Sup.Ct. R. II, § 2(A)(1)(a). However, a defendant may motion the court for leave to file an untimely appeal and the Ohio Supreme Court has discretion in accepting the appeal. *See Id*. § 2(A)(4)(a). The Ohio Court of Appeals affirmed the judgment of the trial court on September 25, 2009. *Smith,* 2009 WL 3068384. Smith did not petition the Ohio Supreme Court for leave to file an untimely appeal until August 30, 2010, more than eight months too late. (Doc. #18-1 at 388). On October 13, 2010, the Ohio Supreme Court denied Smith's motion for leave to file a delayed appeal. *Smith,* 126 Ohio St.3d 1597. In *Bonilla v. Hurley,* the Sixth Circuit held that a "motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas

corpus petition." Smith did not exhaust state court remedies. Therefore, Smith's claims are procedurally defaulted unless Smith can prove cause and prejudice or a miscarriage of justice.

Similarly, under the Ohio Rules of Appellate Procedure, a criminal defendant has ninety days to apply for reopening of their appeal or must show good cause for filing an untimely appeal. App.R. 26(B)(1). The Court of Appeals has discretion in determining whether there was "good cause" for filing a delayed appeal. The Court of Appeals affirmed Smith's conviction on Septemeber 25, 2009. *Smith,* 2009 WL 3068384. Smith did not file his application for reopening until August 16, 2010, more than seven months too late.  "The time requirement in Rule 26(B) is an adequate and independent state ground." *Gross v. Warden,* 2011 WL 1597659 *10 (6th Cir. 2011) (citing *Monzo v. Edwards,* 281 F.3d 568, 577 (6th Cir. 2002)). Furthermore, Smith failed to include a "sworn statement" with his application for reopening his appeal. (Doc. 18-1 at 258). A sworn statement is mandatory under App.R. 26(B)(2)(d). Smith failed to exhaust state court remedies resulting in a procedural default.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.*

*Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

As cause, Smith alleges his appellate counsel did not timely send him the briefs that counsel had previously filed on his behalf. (Doc. #20 at 535). Smith contends he needed the briefs as factual support for his appeal to the Ohio Supreme Court. *Id.* However, Smith cannot use ineffective assistance of appellate counsel as cause unless he first exhausted state court remedies for that claim. *See generally Edwards v. Carpenter* 529 U.S. 446, 120 S.Ct. 1587 (2000). As discussed above, Smith procedurally defaulted his App.R. 26(B) appeal. Therefore, Smith cannot claim ineffective assistance of appellate counsel as cause for procedural default. Because cause and prejudice must both be proven to overcome procedural default and Petitioner cannot prove cause, the issue of prejudice need not be addressed.

"A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Smith knowingly, voluntarily, and intelligently entered a plea of guilty to all six offenses. (Doc. #1-1 at 29). Given Smith's guilty plea, Smith cannot prove actual innocence.

## IV.  SMITH'S MOTION REQUESTING AN EVIDENTIARY HEARING IS DENIED AS MOOT

Under 28 U.S.C. § 2254(e)(2), applicants must meet stringent standards in order to

receive an evidentiary hearing.

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2). Smith failed to develop the factual basis of his claim in state court. The Supreme Court has determined that "[d]iligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court...." Smith was not diligent in his efforts to pursue his claims in state court. Smith was untimely in filing all of his appeals to the state courts. Therefore, Smith must prove either a new rule of constitutional law or a factual predicate *and* that additional facts prove by clear and convincing evidence that "no reasonable factfinder" would find the applicant guilty. 28 U.S.C.A. § 2254(e)(2). Smith does not allege a new constitutional law. Instead, Smith files a statement from co-defendant, Jared David Smith. (Doc. #22 at 542). Jared Smith says that he lied to the police and that he did not see Petitioner Smith commit any crime. (Doc. #22 at 542). However, "affidavits by witnesses recanting their ... testimony are to

be looked upon with extreme suspicion." *U.S. v. Willis,* 257 F.3d 636, 645 -646 (6th Cir. 2001) (internal quotation marks omitted). Jared Smith's affidavit does not establish by clear and convincing evidence that Petitioner Smith is actually innocent. Smith was identified in a photographic lineup by two of the three victims and was implicated in the crimes by his two co-defendants. *Smith,* 2009 WL 3068384 *6. Therefore, Smith cannot meet the stringent requirements of 28 U.S.C.A. § 2254(e)(2) and his motion for an evidentiary hearing is denied.

## V.    SMITH'S REMAINING MOTIONS ARE DENIED AS MOOT

Because Petitioner Smith has procedurally defaulted his claims, Petitioner's Motion to Stay the Proceedings (Doc. #2); Motion to Amend the Habeas Petition Once the State Claims are Exhausted (Doc. #2); Motion for Leave to File Supplemental Error #1 (Doc. #8); Motion Requesting Discovery Pursuant to Rule 6(a) (Doc. #11); Motion to Expand the Record Pursuant to Rule 7(a) (Doc. #21); and Motion to Amend/Correct (Doc. #22) are denied as moot.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

## IT IS THEREFORE RECOMMENDED THAT:

1. Virgil T. Smith's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and

DISMISSED;

2. Petitioner's Motion for an Evidentiary Hearing is DENIED as MOOT;

3. Petitioner's Motion to Stay the Proceedings (Doc. #2) is DENIED as MOOT;

4. Petitioner's Motion to Amend the Habeas Petition Once the State Claims are Exhausted (Doc. #2) is DENIED as MOOT;

5. Petitioner's Motion for Leave to File Supplemental Error #1 (Doc. #8) is DENIED as MOOT;

6. Petitioner's Motion Requesting Discovery Pursuant to Rule 6(a) (Doc. #11) is DENIED as MOOT;

7. Petitioner's Motion to Expand the Record Pursuant to Rule 7(a) (Doc. #21) is DENIED as MOOT;

8. Petitioner's Motion to Amend/Correct (Doc. #22) is DENIED as MOOT;

9. Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability; and,

10. This case be terminated on the docket of this Court.

July 18, 2011

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

9

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).